LAWRENCE *et al. v.* MANNING *et al.*

*(Supreme Court, General Term, First Department.* March 14, 1890.)

EQUITY—MULTIPLICITY OF SUITS—INJUNCTION.

In an action in equity to settle in one suit numerous claims to a fund held by plaintiffs, and thus avoid harassing litigation, an injunction may issue restraining the prosecution of another action in a different court by one of the claimants in respect to her interests alone, and to which the other claimants are not made parties.

Appeal from special term, New York county.

Action by George P. Lawrence and others against Jerome F. Manning and others.. The plaintiffs are shipping and commission merchants in this city. During the war of the Rebellion, they, as ship's husbands and managing part owners, paid war premiums for insurance on vessels for themselves and various other parties, who are made defendants in this action, including the estate of William A. Sale, of whose will the defendant Amanda T. Sale is executrix. The claims for these war premiums were prosecuted in the Alabama claims court in one suit, known as "No. 1,424, Class 2," on a petition made by the plaintiffs in their own name, and under a contract made by the plaintiffs, also in their own name, with the defendant Jerome F. Manning, an attorney, whereby he was to be paid for prosecuting and collecting the claims 20 per cent. of the amount collected. Manning procured judgments in the suit, which were rendered in favor of the several beneficiaries, but was prevented from further acting in the case as was necessary before the judgments were certified to the secretary of state, and warrants issued for their payment, by fault on his part, by reason whereof he was, by order of the court, forbidden to practice in the court; and other attorneys were allowed to be substituted, and were so substituted, in the case No. 1,424, class 2, in his stead. The substituted attorneys thereafter attended to the case, and did what further was required; and finally, by their aid, after some months, the warrants mentioned in the complaint were obtained by the plaintiffs, including those for said Amanda T. Sale, as executrix. Several attachments against the property of said Manning have been served upon the plaintiffs, attaching whatever amount may be due him. There is a dispute as to whether anything is due Manning under the circumstances; and, if so, as to how much. Then the amount to be allowed to plaintiffs for their services and expenses made or incurred is to be determined. As the claims of all the parties were embraced in one suit, and under one contract with the attorney, and as the plaintiffs are justly entitled to be indemnified out of the funds ratably for all parties, this action has been brought to have the whole matter disposed of in one suit, and to restrain all other suits. Amanda T. Sale and some other parties have received 50 per cent. of the first and principal warrant, and the balance has been retained by the plaintiffs until the question on the claims of Manning and his attaching creditors can be disposed of. But Amanda T. Sale has brought a separate suit for an accounting with the plaintiffs in respect to her interests alone, but neither Manning, nor his attaching creditors, nor the sheriff, are made parties; and non-joinder as to them has been pleaded in that suit. The present suit by the plaintiffs is brought to prevent a multiplicity of suits, and is so framed as to reach a result for Amanda T. Sale herself more complete and more speedy than can be reached in her suit against the plaintiffs alone. The latter now appeals from an order restraining her from prosecuting her suit pending the action brought by plaintiffs.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*H. G. Atwater,* for appellant.    *E. N. & T. W. Taft,* for respondents.

BRADY, J. The main dispute, the existence of which rendered this action necessary, in the judgment of the plaintiffs and their counsel, springs out of an agreement between Jerome F. Manning and the plaintiffs, who, as we

have seen, were acting in reference to numerous claims which they were authorized to collect. The dispute relates to the compensation which the defendant Manning is entitled to; he insisting that the written contract relates to the claim owned by the plaintiffs only, and that he is entitled, as to the others, to such compensation as may be awarded on proper judicial investigation. There is no doubt that the plaintiffs designed to dispose of that question in reference to all the persons who were made defendants, and whose claims were defended by Manning; and also, if the agreement controlled, whether he has forfeited any part of the compensation by his prohibition from practice in the court of claims, and his consequent inability to give them personal attention.

The propriety of this action seems to be conceded by all the defendants except Mrs. Sale, who appeals from the order restraining her suit, and doubtless upon the supposition that the action is one which should not be maintained, for reasons assigned by her counsel in his argument. The position, however, of the plaintiffs as trustees is such that all responsibility attendant upon their efforts to collect the different claims presented for adjudication should be charged upon the respective funds proportionately; and the presence of Mrs. Sale for that purpose is as essential as that of any of the other beneficiaries who are joined with her. Such an action should be encouraged. As is said in the case of *Railway Co.* v. *Ramsey*, 45 N. Y. 647, "the jurisdiction of a court of equity to interfere to prevent a multiplicity of suits, or to draw to one action cognate questions and interests sought to be litigated in many actions, is well established." And again: "The suit to bring to one judgment all the actions must be in one of the courts; and, to make that suit effectual to the end sought, the power must be in that court to enjoin the parties to the suits in the co-ordinate courts from proceeding therein." It is true that the action of Mrs. Sale is the only one brought against the plaintiffs; but as the parties interested are numerous, it may be assumed, for the purpose of equitable interference, that the exposure of the plaintiffs to numerous and harassing litigations, apparently unnecessary, calls for the exercise of its power. This is an action in which full and complete justice can be administered to the parties interested in the action of Mrs. Sale, and hence its maintenance is not obnoxious to the doctrine of *Hayward* v. *Hood*, 39 Hun. 596. The propriety of such an action as this is distinctly stated in *Railway Co.* v. *Ramsey*, *supra*, in which it is said that an action may be maintained to restrain proceedings in another suit where the relief demanded in the second suit cannot be secured in the one previously commenced. In *Babcock* v. *Arkenburgh*, 22 Wkly. Dig. 478, it was held that "an action in equity may be maintained for the purpose of settling in one suit what might otherwise require the prosecution and determination of a number of different actions, and an injunction may issue in such suit to prevent the continuance or commencement of such other actions pending its determination." And in 1 High, Inj. § 12, the rule is stated that the prevention of vexatious litigation and of a multiplicity of suits constitutes a favorite ground for the exercise of the jurisdiction of equity by way of injunction; and, further, that where there is one common right in controversy, which is to be established by or against several persons, one person asserting the right against many, or many against one, equity may interfere, and, instead of permitting the parties to be harassed by a multiplicity of suits, determine the whole matter in one action. For these reasons the order should be affirmed, with $10 costs and disbursements. All concur.